IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MISSIONARY BENEDICTINE SISTERS, INC., | ) ) ) |
| Plaintiff, | ) ) 4:11CV3180 |
| v. | ) ) ) |
| HOFFMAN, LLC, | ) MEMORANDUM AND ORDER ON ) MOTIONS FOR VOLUNTARY |
| Defendant an Third-Party Plaintiff, | ) DISMISSAL ) ) |
| v. | ) ) |
| FREDERICKSEN ENGINEERING, INC., and VOLKMAN PLUMBING & HEATING, INC., | ) ) ) ) |
| Third-Party Defendants. | ) ) |
| _____ | ) ) |
| VOLKMAN PLUMBING & HEATING, INC., | ) ) ) |
| Third-Party Plaintiff, | ) ) |
| v. | ) ) |
| ENGINEERED CONTROLS, INC., a Nebraska corporation and LONNIE ROBINSON d/b/a R & R MECHANICAL INSULATION, | ) ) ) ) ) |
| Third-Party Defendants. | ) ) |

Missionary Benedictine Sisters, Inc. (MBS) filed a three-count amended complaint against

Hoffman, LLC (Hoffman) on or about September 15, 2011. (See Notice of Removal, Ex. 1, Am.

Compl., ECF No. 1-1.) On October 1, 2012, Hoffman answered MBS's complaint and filed a third-party complaint against Fredericksen Engineering, Inc. (Fredericksen) and Volkman Plumbing & Heating, Inc. (Volkman). (ECF No. 28.) Volkman answered Hoffman's third-party complaint on October 23, 2012, and filed its own third-party complaint against Engineered Controls, Inc. (Engineered Controls) and Lonnie Robinson d/b/a R&R Mechanical Insulation (Robinson). (ECF No. 39.)

Citing Federal Rule of Civil Procedure 41(a)(2), MBS moved to dismiss its claims against Hoffman on February 1, 2013. (ECF No. 66.) All of the parties except Robinson consented to MBS's motion, (see ECF Nos. 66, 68), and on February 6, 2013, I granted the motion over Robinson's objection, (see ECF Nos. 68-69).

Now before me are Volkman's motion to dismiss its claims against Engineered Controls, (ECF No. 72), and Hoffman's motion to dismiss its claims against Fredericksen, (ECF No. 73). Like MBS before them, these movants invoke Federal Rule of Civil Procedure 41(a)(2), which "provides for the voluntary dismissal of actions at the plaintiff's request." Jaramillo v. Burkhart, 59 F.3d 78, 79 (8th Cir. 1995). Once again, only Robinson has objected to the motions. (Compare ECF No. 68 with ECF No. 74.)

"The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side." Paulucci v. City of Duluth, 826 F.2d 780, 782 (8th Cir. 1987). When determining whether to grant a Rule 41(a)(2) motion, a court should consider the plaintiff's explanation for the need to take a dismissal, the effort and expense put forth by the defendant in preparing for trial, whether there has been excessive delay and a lack of diligence on the part of the plaintiff in prosecuting the case, and whether the defendant has filed a motion for summary judgment. Id. at 783. See also Wizman v. Gross, 148 F.3d 988, 992 (8th Cir. 1998). District courts

routinely impose conditions when granting dismissals under Rule 41(a)(2), see, e.g., Belle-Midwest, Inc. v. Missouri Property & Casualty Insurance Guarantee Association, 56 F.3d 977, 978-79 (8th Cir. 1995), and unless the district court's order specifies otherwise, the dismissal is without prejudice, see Fed. R. Civ. P. 41(a)(2); Jaramillo, 59 F.3d at 79.

     As noted previously, Fredericksen and Engineered Controls do not object to the third party plaintiffs' motions to dismiss the claims against them.  On the contrary, they each state that dismissals are in order because Hoffman's claims against Fredericksen and Volkman's claims against Engineered Controls have been resolved through settlement negotiations.  (See generally ECF Nos. 75-76.)  Fredericksen and Engineered Controls add that Robinson was invited to participate in the settlement negotiations, but he elected not to do so.  (See generally id.)  Robinson states that he feels compelled to object to the dismissal of Fredericksen and Engineered Controls because he has not been given a copy of the settlement agreement, and he wishes to preserve any rights and claims that he may have "against any other parties to the pending litigation."  (See Robinson's Br. at 2, ECF No. 74.)

     I am not persuaded that granting Volkman's motion to dismiss its claims against Engineered Controls and Hoffman's motion to dismiss its claims against Fredericksen will unfairly affect any party to this litigation, including Robinson.  The requested dismissals are in order, and I shall overrule Robinson's objections to Volkman's and Hoffman's motions.

     Volkman and Hoffman ask that their respective claims against Engineered Controls and Fredericksen be dismissed with prejudice, with each party to bear its own costs.  (See ECF Nos. 72, 73.)  These conditions shall be imposed in accordance with the parties' requests.

**IT IS ORDERED** that:

1. Volkman's motion to dismiss, (ECF No. 72), is granted. Volkman's claims against Engineered Controls are dismissed with prejudice, and each party must bear its own costs.

2. Hoffman's motion to dismiss, (ECF No. 73), is granted. Hoffman's claims against Fredericksen are dismissed with prejudice, and each party must bear its own costs.

Dated April 22, 2013.

        BY THE COURT

        */s/ Warren K. Urbom*

        Warren K. Urbom
        United States Senior District Judge