IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MISSIONARY BENEDICTINE SISTERS, INC., <br><br>       Plaintiff, <br><br>   v. <br><br> HOFFMAN, LLC, <br><br>       Defendant and <br>       Third-Party Plaintiff <br><br>   v. <br><br> FREDERICKSEN ENGINEERING, INC., VOLKMAN PLUMBING & HEATING, INC., and LONNIE ROBINSON d/b/a R&R Mechanical Insulation, <br><br>       Third-Party Defendants <br><br>――――――――――――――――――― <br><br> VOLKMAN PLUMBING & HEATING, INC., and AMCO INSURANCE COMPANY, <br><br>       Third-Party Plaintiffs <br><br>   v. <br><br> LONNIE ROBINSON d/b/a R&R Mechanical Insulation, and ENGINEERED CONTROLS, INC., <br><br>       Third-Party Defendants <br><br>――――――――――――――――――― | 4:11CV3180 <br><br><br><br><br><br><br><br><br><br> MEMORANDUM <br> AND ORDER |

Third-Party Plaintiffs, Hoffman, LLC ("Hoffman"), Volkman Plumbing & Heating, Inc. ("Volkman"), and AMCO Insurance Company ("AMCO"), have filed a motion in limine to exclude evidence of insurance. Specifically, they request that

Third-Party Defendant Lonnie Robinson, doing business as R&R Mechanical Insulation ("Robinson"), "not be permitted to make any statement before the jury, or introduce any evidence, that: (1) Hoffman carried a CGL Insurance Policy and a Professional Liability Policy through Zurich; (2) Zurich made payments on Hoffman's behalf for the settlement and remediation; (3) Hoffman carried a Builder's Risk Insurance Policy through Travelers; or that (5) Fredericksen [Engineering, Inc.] and [Engineered Controls, Inc.] were insured and their insurers made payments on their behalf for the settlement and remediation" (Filing No. 170). Third-Party Plaintiffs "recognize ... that it will be necessary to acknowledge that AMCO, as Volkman's insurer, became a party to this action after the settlement due to certain payments AMCO made on Volkman's behalf" (Filing No. 176, at 10), but they seek to exclude any "evidence regarding Volkman's insurance policy through AMCO, or any payments made under that policy" (Filing No. 170).

Evidence of the existence of insurance coverage is generally inadmissible, *see* Fed. R. Evid. 411, but considering that AMCO is a party to the action, and that the settlement agreement upon which Third-Party Plaintiffs base their claims against Robinson references the various insurers and specifies the payments made by each insurer (*see* Filing No. 123-2), it is conceivable that the evidence may have some relevancy. I therefore will provisionally grant the motion in limine, but will permit Robinson during the trial, while outside the hearing of the jury, to request specific exemptions from this ruling.

IT IS ORDERED that Third-Party Plaintiffs' motion in limine (Filing No. 170) is provisionally granted, and that Third-Party Defendant shall not make any statement before the jury or offer any evidence regarding insurance coverage or any payments made by insurers without first approaching the bench and obtaining the court's permission to do so.

June 12, 2015.					BY THE COURT:

						s/ Richard G. Kopf
						Senior United States District Judge